# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| **JOSEPH MATTHEW QUEEN,** ) <br> **GABRIEL MAYER, and** ) <br> **GRAND HOOK AGENCY, LLC,** ) <br> ) <br>     **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> **BERKLEY ASSURANCE** ) <br> **COMPANY,** ) <br> ) <br>     **Defendant.** ) | **CASE NO.:** <br><br> _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT, AND BAD FAITH

Now Come Plaintiffs, Joseph Matthew Queen ("Queen"), Gabriel Mayer ("Mayer"), and Grand Hook Agency, LLC ("Grand Hook") (hereinafter collectively "Plaintiffs"), by and through counsel, and file this Complaint for Declaratory Judgment, Breach of Contract, and Bad Faith, stating as follows:

### PARTIES AND JURISDICTION

1. Grand Hook is a Georgia limited liability company with its principal place of business in Rome, Georgia. Grand Hook has two members: Joseph Matthew Queen ("Queen") and Gabriel Mayer ("Mayer"). Queen is a resident of Georgia. Mayer is a resident of New York.

2. Defendant, Berkley Assurance Company ("BAC" or "Defendant"), is

organized under the laws of Iowa with its principal place of business in Arizona. For purposes of federal court jurisdiction, therefore, BAC is a citizen of both Iowa and Arizona. BAC is a Georgia Surplus Insurance provider and may be served at 11201 Douglas Avenue, Urbandale, Iowa 50322, and also upon Janet Shemanske, or her nominee of Berkley Assurance Company, at 7233 East Butherus Drive, Scottsdale, Arizona 85260.

3. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1391(b) because BAC is authorized to conduct business and does conduct business in Rome, Georgia. This Court has personal jurisdiction over BAC because BAC regularly conducts business in the State of Georgia.

4. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332, in that the controversy is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. An actual controversy between Queen, Mayer and BAC exists within the meaning of Federal R. Civ. Proc. 57 and 28 U.S.C. § 2201 (The Federal Declaratory Judgment Act) regarding whether BAC has a duty to provide Queen and Mayer coverage defense and indemnity for, among other things, the claims asserted against Queen and Mayer for the underlying Sherbrooke Litigation outlined below and herein, and as more particularly described below.

6. Queen is a resident of Rome, Georgia.

7. Mayer is a resident of New York.

8. The BAC Policy was delivered in Rome, Georgia.

9. Venue is proper in the Rome Division of the Northern District of Georgia where the insurance Policy was issued and where Queen resides. 28 U.S.C. § 1391; N.D. Ga. L.R. 3.1(B)(3).

## FACTUAL BACKGROUND

10. Sherbrooke Corporate, Ltd. ("Sherbrooke") is a single parent captive insurance company authorized to reinsure policies written on a fronting carrier's paper.

11. On January 30, 2024 Sherbrooke and Samuel Goldner filed a Complaint against Queen, Mayer and others (the "Sherbrooke Complaint"). A copy of the Sherbrooke Complaint is attached hereto as ***Exhibit A.***

12. BAC issued an Insurance Agents and Brokers Professional Liability Policy Number VUMB0288151 (the "Policy") to Grand Hook as the named insured for the period of October 6, 2023 to October 6, 2024. A copy of the BAC Policy is attached hereto as ***Exhibit B***.

13. The Policy is registered and was delivered as a surplus line coverage under the Surplus Line Insurance Law O.C.G.A. 33-5-21 et seq.

14. The Policy was delivered to Grand Hook, Queen and Mayer in the State of Georgia.

15. Queen is an "insured" under the BAC Policy in his capacity as "*Any person who is or was your partner, officer, member, director, stockholder or "employee" but only for "professional services" rendered on your [Grand Hook's] behalf.*" (See BAC Policy VPRF 02 04 09 15, Page 5 of 10).

16. Mayer is an "insured" under the BAC Policy in his capacity as "*Any person who is or was your partner, officer, member, director, stockholder or "employee" but only for "professional services" rendered on your [Grand Hook's] behalf.*" (See BAC Policy VPRF 02 04 09 15, Page 5 of 10).

17. Queen, Mayer, and Grand Hook seek, among other things, a declaratory judgment in this action as to theirs and BAC's rights, responsibilities, and duties under the Policy as to the claims and alleged damages asserted against Queen and Mayer in the Sherbrooke Litigation.

18. On or around January 30, 2024, Sherbrooke and Samuel Goldner filed a Complaint (the "Sherbrooke Complaint") against Queen and Mayer and others, captioned *Sherbrooke Corporate, LTD., and Samuel Goldner v. Gabriel Mayer, Beau Walker, Joe Matthew Queen, and Helios Risk Solutions, LLC*, Case No. 5:24-cv-00057-BO-RJ in the United States District Court for the Eastern District of North Carolina (the "Sherbrooke Litigation"). A copy of the Sherbrooke Complaint is attached hereto as ***Exhibit A***.

19. The underlying Sherbrooke Complaint asserts various claims against Queen and Mayer related to Professional Services they were rendering on behalf of Grand Hook.

20. The Underlying Sherbrooke Complaint alleges, among other things, that:

   a. Director and Officer Defendants hired Helios, a captive management insurance company, at exorbitant rates to conduct the business operations of Sherbrooke while personally profiting at the expense of Sherbrooke. Under the guise of operating Sherbrooke, Director and Officer Defendants repeatedly engaged in self-dealing, wasted corporate assets, misappropriated funds, and stole valuable proprietary software to enable the clandestine *opening and operation of* **a competing company** *in the insurance marketplace*. When this plot was discovered, Director and Officer Defendants were all either terminated or removed from their positions and required to cease and desist all actions and control of Sherbrooke assets, effective immediately. (Sherbrooke Complaint at ¶ 1) (Emphasis added).

   b. Upon information and belief, in addition to the Helios contract, Defendant Mayer and Defendant Queen have engaged in, among

other things, self-dealing as directors of Sherbrooke, the syphoning or withdrawal of corporate funds from Sherbrooke accounts for personal or individual benefit, and the improper utilization of Sherbrooke resources, including the theft and misappropriation of confidential and proprietary software technology that is being used to ***establish and operate a separate corporate entity to compete*** *with Sherbrooke and its related entities.* (Sherbrooke Complaint at ¶ 39) (Emphasis added).

c. Upon information and belief, in or around 2022, *Defendant Queen and Defendant Mayer began preparations to create a **corporate entity to compete** with Sherbrooke and its corporate affiliate*s. At some time thereafter, Defendant Walker joined this scheme; and *The purpose of this **competing corporate entity** is to provide insurance policies to, among other companies, nursing facilities across the United States*. Therefore, Director and Officer Defendants intend to directly compete for the same companies or entities that Sherbrooke has always used as clients (Sherbrooke Complaint at ¶¶ 49-50) (Emphasis added).[1]

---

[1] See also ¶¶ 51, 52, 53

21. BAC concedes that the "competing" and "separate" entity as alleged in the Sherbrooke Complaint is Grand Hook. (See BAC Counsel Letter dated May 2, 2024 improperly denying coverage to Queen and Mayer under the BAC Policy, attached hereto as ***Exhibit C***).

22. Queen and Mayer have demanded under the BAC Policy that BAC defend them against the claims in the Underlying Sherbrooke Litigation and indemnify them against any judgment(s) that may be awarded in that underlying litigation.

23. BAC denied Queen and Mayer coverage related to the Sherbrooke Underlying Litigation. A copy of the Declination Letter is attached hereto as ***Exhibit C***.

24. Queen and Mayer seek a declaratory judgment in this action as to BAC's rights and duties under the BAC Policy with respect to the claims and damages, and coverage demanded by Queen and Mayer, related to the Underlying Sherbrooke Litigation.

25. The underlying Sherbrooke Litigation has been recently dismissed, but Plaintiffs herein nonetheless incurred defense cost damages in excess of $200,000 that BAC owes under the subject Policy, but has refused to pay or otherwise provide coverage for.

## COUNT I – DECLARATORY JUDGMENT

26. Plaintiffs hereby incorporate above paragraphs Nos. 1 through 25, inclusive, as if fully restated herein.

27. The BAC Policy provides, in part, as follows:

**SECTION II – WHO IS AN INSURED**

1. The "Named Insured" stated in the Policy Declarations.

2. Any person who is or was your partner, officer, member, director, stockholder or "employee" but only for "professional services" rendered on your behalf.

3. The heirs, executors, administrators and legal representatives of any insured, as defined in 1. and 2. above, in the event of death, incapacity or bankruptcy of such insured, but only for liability arising out of "professional services" rendered by any insured prior to such insured's death, incapacity, or bankruptcy.

**SECTION VII – DEFINITIONS**

2. Claim(s)" means a demand for monetary "damages" arising from a "professional service" made against any insured by written notice, service of "suit", the institution of arbitration or administrative proceedings but does not include a demand for equitable or non-pecuniary relief. "Claim" includes "related claims".

10. "Professional services" means those services performed by the insured for others in the insured's capacity as a duly licensed insurance agent, broker or insurance consultant, employee benefits counselor or notary public and as described in the Declarations of this Policy under Description of Business – Professional Services.

11. "Suit(s)" means a civil proceeding with which this insurance applies. "Suit" includes:

      a. An Arbitration proceeding in which such "damages" are claimed and to which the insured must submit or does submit with our consent; or

      b. Any other alternative dispute resolution proceeding in which such "damages" are claimed and to which the insured submits with our consent.

28.    The Policy covers "those sums any insured becomes legally obligated to pay as 'damages' because of an act, error or omission arising from your 'professional services' rendered or that should have been rendered."

29.    Insured under the Policy includes "[a]ny person who is or was [Grand Hook's] partner, officer, member, director, stockholder or 'employee' but only for 'professional services' render on [Grand Hook's] behalf."

## COUNT II – BREACH OF CONTRACT

30.    Plaintiffs hereby incorporate the above paragraphs Nos. 1 through 29, inclusive, as if fully restated herein.

31.    Plaintiffs have fulfilled their obligations under the Policy and have satisfied all conditions precedent.

32.    BAC is required to pay on behalf of Plaintiffs all legal fees, costs and expenses incurred in defense of the underlying Sherbrooke Litigation pursuant to the Policy.

33.    BAC is required to indemnify Plaintiffs for any potential award, judgment and/or finding against them in the underlying Sherbrooke Litigation pursuant to the Policy.

34. BAC has breached the Policy terms and conditions by wrongfully denying coverage under the Policy and refusing to pay the full amount of Plaintiffs' ongoing legal fees, costs and expenses, as well as anticipatorily refusing to indemnify Plaintiffs.

35. In breaching the Policy, BAC has also breached the implied duty to act in good faith and fair dealing towards Plaintiffs.

36. As a result of BAC's breach of contract, Plaintiffs have suffered and continue to suffer damages in an amount in excess of $75,000 and to be more precisely determined at trial.

**COUNT III – STATUTORY BAD FAITH PURSUANT TO O.C.G.A § 33-4-6**

37. Plaintiffs hereby incorporates above paragraphs Nos. 1 through 36, inclusive, as if fully restated herein.

38. On or about June 11, 2024 Plaintiffs, through counsel, engaged in discussions with counsel on behalf of BAC, making demand that BAC pay the defense costs, expenses and legal fees that Plaintiffs are continuing to incur as a result of the Sherbrooke Litigation, that fulfilled the requirements of O.C.G.A. § 33-4-6.

39. Despite being provided an opportunity to comply with its contractual obligations, BAC has continued to fail and/or refuse to pay all and ongoing legal

fees, costs and expenses incurred and continually being incurred by Plaintiffs in the underlying Sherbrooke Litigation.

40.  BAC's failure to pay the total (and ongoing) legal fees, costs and expenses incurred and continuing to be incurred by Plaintiffs in the underlying Sherbrooke Litigation is frivolous and unfounded, and otherwise without any reasonable basis in law or fact.

41.  BAC's failure to pay the total and ongoing legal fees, costs and expenses incurred and continuing to be incurred by Plaintiffs in the underlying Sherbrooke Litigation constitutes bad faith under O.C.G.A. § 33-4-6.

42.  Plaintiffs provided BAC within sixty (60) days to comply with its contractual obligations before filing this action as required by O.C.G.A. § 33-4-6.

43.  As a result, BAC is liable to Plaintiffs for all damages available under O.C.G.A. § 33-4-6, including statutory penalties and reasonable attorneys' fees.

**WHEREFORE**, having fully stated its claims herein, Plaintiffs request judgment as follows:

(1)  Declaring the parties' rights and responsibilities under the BAC Policy for defense costs including but not limited to all total and continuing legal fees and expenses, and any damages that may be awarded against Plaintiffs and to the other

interested parties, pursuant to the terms, provisions, limitations, and exclusions of the BAC Policy;

(2)  Declaring that BAC had a duty to defend and indemnify Plaintiffs related to the underlying Sherbrooke Litigation, prior to its dismissal and in the event the case is revived has a continuing duty to defend and indemnify.

(3)  Monetary damages resulting from BAC's breach of contract;

(4)  Prejudgment and postjudgment interest;

(5)  Damages pursuant to O.C.G.A. § 33-4-6, including statutory penalties and reasonable attorneys' fees; and

(6)  All other and further relief which this Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury for all issues so triable that are raised in this Complaint.

Respectfully submitted,

*/s/ Thomas J. Connick*
Thomas J. Connick (0070527)
(to seek admission *pro hac vice*)
Schneider Smeltz Spieth Bell LLP
1375 E. Ninth St., Ste. 900
Cleveland, OH 44114
(216) 696-4200 phone
(216) 696-7303 facsimile
tconnick@sssb-law.com

*/s/ John F. Lee Niedrach*
John F. Lee Niedrach
Georgia Bar No. 152408
McRae, Smith, Peek,
Harman & Monroe, LLP
111 Bridgepoint Plaza, Ste. 300
Rome, Georgia 30161
(706) 291-6223 phone
(706) 291-7429 facsimile
lniedrach@msp-lawfirm.com

*Attorneys for Plaintiffs*
*Grand Hook Agency, LLC, Joseph Matthew Queen and Gabriel Mayer*
